NO.
12-07-00029-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS     §                      APPEAL FROM THE 

 

FOR THE BEST INTEREST          §                      COUNTY COURT OF

 

AND PROTECTION OF
B.G.         §                      CHEROKEE COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            B.G. appeals
from an order of commitment for temporary inpatient mental health
treatment.  After a hearing without a
jury, the trial court ordered B.G. committed to Rusk State Hospital for a period
not to exceed ninety days.  In five
issues, B.G. asserts that the evidence is legally and factually insufficient to
support the order of commitment and the trial court violated her rights to due
process and equal protection.  We reverse
and render.

 

Background

            On
December 21, 2006, an application for court ordered temporary mental health
services was filed requesting the court commit B.G. to Rusk State Hospital for
a period not to exceed ninety days.  The
application was supported by a certificate of medical examination for mental
illness, prepared by a physician, Dr. Canton Cuellar, who had examined B.G. on
December 19.  Dr. Cuellar diagnosed B.G.
as suffering from Bipolar I disorder and dementia.  He found that B.G. is mentally ill, likely to
cause serious harm to herself, and is suffering severe and abnormal mental,
emotional, or physical distress, is experiencing substantial mental or physical
deterioration of her ability to function independently, and is unable to make a
rational and informed decision as to whether to submit to treatment. 

            Dr.
Cuellar reached these conclusions because B.G. was loud and verbally
abusive.  He reported that she was out of
touch with reality, hostile, unable to take care of herself, and had a history
of assaulting caregivers.  For those same
reasons, he also found that B.G. presents a substantial risk of serious harm to
herself or others if not immediately restrained, which is demonstrated by her
behavior.

            On
December 29, 2006, B.G. was examined by Dr. Sethurama Srinivasan who then also
prepared a certificate of medical examination for mental illness.  Dr. Srinivasan diagnosed B.G. with
schizophrenia.  He indicated that B.G. is
mentally ill and is suffering severe and abnormal mental, emotional, or
physical distress, is experiencing substantial mental or physical deterioration
of her ability to function independently, and is unable to make a rational and
informed decision as to whether to submit to treatment.  The doctor came to these conclusions because
B.G. was confused, delusional, agitated, and disoriented and her mood was
labile.  

            Dr.
Cuellar testified at the trial, first restating his diagnosis that B.G. is
suffering from Bipolar I disorder and dementia, not otherwise specified.  He explained that B.G. has been deteriorating
for several years.  She would fight with
her caregivers and insists on living in a house that is uninhabitable.  B.G. refuses to move to Colorado where her
guardian has arranged for her to be cared for by local mental health
authorities.  Her contact with reality is
poor and she gets easily agitated.  She
is not able to communicate effectively for basic needs because of her
aggression.  Her prior stay in a nursing
home was a “disaster.”  Her behaviors are
caused by a combination of her mental illness and advancing age.  Dr. Cuellar’s diagnosis was based on personal
examination, a review of the medical history, and on reasonable medical
probabilities.  Rusk State Hospital is
the least restrictive environment appropriate for B.G.

            On
cross examination, Dr. Cuellar explained that the guardian in Colorado is B.G.’s
daughter and that there are no family members in Houston, where B.G.
lives.  Through a social worker, they
checked out the house she lives in and found it to be uninhabitable and
condemnable.  Dr. Cuellar testified that
he did not think B.G. is capable of cleaning her house or paying her bills due
to her mental condition.  He explained
that her contact with reality is very poor, as though she is living in a dream.


            The
trial court found that B.G. is mentally ill and that, as a result of her mental
illness, she is likely to cause serious harm to herself and is suffering severe
and abnormal mental, emotional, or physical distress, is experiencing
substantial mental or physical deterioration of her ability to function
independently, and is unable to make a rational and informed decision as to
whether to submit to treatment.  In
accordance with those findings, the trial court entered an order requiring B.G.
to submit to temporary inpatient mental health services for a period not to
exceed ninety days.

 

Commitment
Order

            In
her first issue, B.G. asserts the evidence is neither legally nor factually
sufficient to support the order of commitment. 
She contends that the evidence does not show an overt act or continuing
pattern of behavior tending to confirm that she is likely to harm herself or is
unable to care for herself.

Standard of Review

            In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, the reviewing court must consider all of the evidence in the light
most favorable to the finding to determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  The reviewing court
must assume that the factfinder resolved disputed facts in favor of its finding
if a reasonable factfinder could do so.  Id.  A court should disregard all evidence that a
reasonable factfinder could have disbelieved or found to have been incredible.  Id.

Applicable Law 

            The
trial judge may order a proposed patient to receive court ordered temporary
inpatient mental health services if the judge or jury finds, from clear and
convincing evidence, that the proposed patient is mentally ill and, as a result
of the mental illness she is likely to cause serious harm to herself, is likely
to cause serious harm to others, or is (i) suffering severe and abnormal
mental, emotional, or physical distress, (ii) experiencing substantial mental
or physical deterioration of her ability to function independently, which is
exhibited by her inability, except for reasons of indigence, to provide for her
basic needs, including food, clothing, health, or safety, and (iii) unable to
make a rational and informed decision as to whether or not to submit to
treatment.  Tex. Health & Safety Code Ann. § 574.034(a) (Vernon
2003).  To be clear and convincing under
the statute, the evidence must include expert testimony and, unless waived,
evidence of a recent overt act or a continuing pattern of behavior that tends
to confirm either the likelihood of serious harm to the proposed patient or
others, or the proposed patient’s distress and the deterioration of her ability
to function.  Tex. Health & Safety Code Ann. § 574.034(d) (Vernon
2003).

Discussion

            The
State provided expert testimony explaining that B.G. is mentally ill and
describing her behavior.  The evidence
shows that B.G. was loud, verbally abusive, hostile, agitated, exhibited an
unstable mood, and had a history of assaulting caregivers.  She could not effectively communicate her
needs because of her aggression. 
Further, she was confused, delusional, disoriented, and out of touch
with reality to the point that she could not take care of herself.  Her medical history showed that her mental
condition has been deteriorating for years.

            The
doctor spoke in generalities to describe a woman who apparently is unable to
care for herself.  However, Texas law
requires more to deprive an individual of her liberty.  To satisfy the statute, the expert opinion
must be supported by a factual basis.  See
K.T. v. State, 68 S.W.3d 887, 893-94 (Tex. App.–Houston [1st Dist.]
2002, no pet.).  Evidence that merely
reflects a patient’s mental illness and need for hospitalization is not enough
to meet the State’s burden of proof.  Id.
at 892.  This record contains no evidence
of an overt act or a specific, factually based, continuing pattern of behavior
as required by Texas Health and Safety Code Section 574.034(d).  See House v. State, 222 S.W.3d
497 (Tex. App.–Houston [14th Dist.] 2007, pet. filed) (Appellant, tried for the
1996 murder of his mother, had been found not guilty by reason of insanity and
committed to a state hospital.  A divided
panel of the Fourteenth Court of Appeals reluctantly held that the record did
not present evidence of an identifiable overt act or continuing pattern of
behavior tending to show Appellant will cause harm to himself or others,
allowing him to be eligible for outpatient treatment.). 

            We
conclude there is no evidence of an overt act or continuing pattern of behavior
that tends to confirm the deterioration of B.G.’s ability to function or that
she is likely to cause serious harm to herself. 
The evidence presented does not satisfy the statutory requirement for clear
and convincing evidence in support of the order for temporary inpatient mental
health services because no details of specific acts or behavior patterns were
described.  See Tex. Health & Safety Code Ann. §
574.034(d).  Therefore, although B.G. is
mentally ill, the evidence is nonetheless legally insufficient to support the
trial court’s order.  See In re
J.F.C., 96 S.W.3d at 266.  We
sustain B.G.’s first issue to the extent she complains of the legal sufficiency
of the evidence.  We need not reach her factual
sufficiency complaint.  See Tex. R. App. P. 47.1.

 

Conclusion

            The
evidence is legally insufficient to support the trial court’s order of
commitment for temporary inpatient mental health services.  We need not reach B.G.’s remaining
issues.  See Tex. R. App. P. 47.1.

            We
reverse the trial court’s order of commitment for temporary
inpatient mental health services.  We render
judgment denying the State’s application for court ordered temporary mental
health services.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered August 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

                                                                        

 

 

 

 

(PUBLISH)